## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | | |
|---|---|---|
| **CHARLIE HARGROVE, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 1:15-06930** |
| | ) | |
| **BART MASTERS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Defendant's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 25), filed on May 3, 2016. The Court notified Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiff had the right to file a response to Defendant's Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting his claims as they are challenged by the Defendant in moving to dismiss. (Document No. 27.) Plaintiff filed his Response in Opposition on May 16, 2016. (Document No. 30.) Having examined the record and considered the applicable law, the undersigned has concluded that Defendant's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" should be granted.

### FACTUAL AND PROCEDURAL HISTORY

On May 29, 2015, Plaintiff, acting *pro se* and an inmate at FCI McDowell, filed his Application to Proceed Without Prepayment of Fees and Complaint in this matter for alleged violations of his constitutional and civil rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). (Document

Nos. 1 and 2.) In his Complaint, Plaintiff names Warden Bart Masters as the Defendant. (Id., p. 4.) Plaintiff alleges that he was "exposed to black mold inside the inmate work place." (Id.) Plaintiff argues that due to the black mold in August, 2013, it was not safe for the inmates, Supervising Officer McGraw, and Ms. Carson. (Id.) Since his exposure to the black mold, Plaintiff alleges that he has "been having health issues, such as breathing problems, headaches, a dry cough that goes and comes at times, staying tired and sleeping a lot, and waking up confused." (Id., p. 5.) Plaintiff indicates that he has not received appropriate medical treatment for his symptoms. (Id.) As relief, Plaintiff requests "health care throughout [his] ongoing health issues, as well as compensation for health damages." (Id.)

By payments received on August 19, 2015, September 14, 2015, and January 14, 2016, Plaintiff paid the $400.00 filing and administration fee. (Document Nos. 6, 9, and 12.) By Order entered on January 29, 2016, the undersigned directed the Clerk to serve process upon Defendant Masters and denied Plaintiff's Application to Proceed Without Prepayment of Fees as moot.[1] (Document No. 13.) On April 27, 2016, Plaintiff filed Affidavits in support of his Complaint. (Document No. 24, 24-1, and 24-2.) Specifically, Plaintiff filed his own Affidavit and Affidavits from Inmate David Coffey and Inmate Brian Boyd. (Id.)

On May 3, 2016, Defendant Masters filed his "Motion to Dismiss, or in the Alternative Motion for Summary Judgment" and Memorandum in Support. (Document Nos. 25 and 26.) Specifically, Defendant Masters argues that Plaintiff's Complaint should be dismissed based on

---

[1]   By Order entered on January 6, 2016, the above case was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 11.)

the following: (1) "Defendant Masters cannot be sued in his official capacity pursuant to <u>Bivens</u>" (Document No. 26, pp. 8 – 9.); (2) "Plaintiff makes no specific claims against the Defendant, thus failing to state a <u>Bivens</u> claim" (<u>Id.</u>, pp. 9 – 10.); (3) "Supervisory liability is inapplicable in <u>Bivens</u> action" (<u>Id.</u>, pp. 10 – 12.); (4) "Defendant Masters is immune from suit" (<u>Id.</u>, pp. 12 – 13.); and (5) "Plaintiff failed to exhaust his administrative remedies" (<u>Id.</u>, pp. 13 – 16.).

As Exhibits, Defendant Masters attaches the following: (1) The Declaration of Sharon Wahl (Document No. 25-1, pp. 2 - 4.); (2) A copy of Plaintiff's SENTRY Administrative Remedy Generalized Retrieval (<u>Id.</u>, pp. 6 – 8.); (3) A copy of Administrator Ian Coonors' Response dated August 13, 2015 (Remedy ID No. 809837-A2) (<u>Id.</u>, p. 10.); (4) A copy of the "Administrative Remedy Update" regarding Remedy ID No. 809837-A2 (<u>Id.</u>, pp. 11 and 18.); (5) A copy of Plaintiff's "Central Office Administrative Remedy Appeal" dated April 2, 2015 (<u>Id.</u>, pp. 19 – 20.); (6) A copy of Plaintiff's "Regional Administrative Remedy Appeal" dated March 1, 2015 (<u>Id.</u>, p. 21.); (7) A copy of Regional Director J.F. Caraway's Response dated March 23, 2015 (<u>Id.</u>, p. 22.); (8) A copy of Plaintiff's "Request for Administrative Remedy" dated February 2, 2015 (<u>Id.</u>, pp. 23 - 24.); (9) A copy of Warden Bart Masters' Response dated February 20, 2015 (<u>Id.</u>, p. 25.); (10) A copy of the Declaration of Howard Sathre, M.D. (Document No. 25-2, pp. 2 – 6.); (11) A copy of Plaintiff's pertinent medical records (Document No. 25-1, pp. 12 – 17 and Document No. 25-2, pp. 7 – 367.); and (12) A copy of the Declaration of Bart Masters (Document No. 25-3.).

Notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on May 4, 2016, advising him of the right to file a response to the Defendant's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment." (Document No. 27.) On May 13, 2016, Plaintiff filed a Response in Opposition. (Document No. 28.) Also on May 13, 2016,

3

Plaintiff filed a "Motion for Leave to File an Amended Complaint." (Document No. 29.) Specifically, Plaintiff requests permission to amended his Complaint to include the amount of requested compensatory damages. (Id.) On May 16, 2016, Defendant filed his Response to Plaintiff's Motion to Amend. (Document No. 30.) Defendant contends that the "proposed amendment will not withstand a motion to dismiss for the reasons raised in the motion to dismiss pending before the court." (Id.) Accordingly, Defendant requests that the "Court consider Plaintiff's motion to amend in conjunction with the pending motion to dismiss and exercise its discretion accordingly." (Id.) By separate Order entered this day, the undersigned has denied Plaintiff's "Motion for Leave to File an Amended Complaint."

On November 7, 2016, Plaintiff filed a copy of his Administrative Tort Claim as filed with the BOP on November 3, 2016.[2] (Document No. 39.)

## THE STANDARD

### Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted

---

[2] To the extent Plaintiff is attempting to supplement his Complaint to include a FTCA claim, such an amendment would be futile. Plaintiff must fully exhaust his administrative remedies prior to filing a FTCA claim. Plaintiff's Administrative Tort Claim is dated November 3, 2016. Clearly Plaintiff did not fully exhaust his FTCA claim prior to filing the instant action.

as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

### **Summary Judgment**

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Once the moving party demonstrates the lack of evidence to support the non-moving party's claims, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 - 87, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986). All inferences must be drawn from the underlying facts in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356. Summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual issues proving other elements of the claim. Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Generally speaking, therefore, summary judgment will be granted unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If no facts or inferences which can be drawn from the circumstances will

5

support Plaintiff's claims, summary judgment is appropriate.

## DISCUSSION

**1.      Official Capacity:**

In his Motion, Defendant Masters argues that he "cannot be sued in his official capacity pursuant to <u>Bivens</u>." (Document No. 26, pp. 8 – 9.) Defendant Masters explains that a <u>Bivens</u> action against federal agents in their official capacities for money damages is barred by the doctrine of sovereign immunity. (<u>Id.</u>) Accordingly, Defendant Masters argues that he must be dismissed to the extent he is named as a defendant in his official capacity. (<u>Id.</u>) Plaintiff failed to address the foregoing issue in his Response in Opposition. (Document No. 28.)

Plaintiff is seeking relief for alleged violations of his constitutional and civil rights pursuant to <u>Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). A <u>Bivens</u> action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. <u>See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); <u>See also</u> <u>Carlson v. Green</u>, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending <u>Bivens</u> to Eighth Amendment claims); <u>Davis v. Passman</u>, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending <u>Bivens</u> to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under <u>Bivens</u> must show the violation of a valid constitutional right

by a person acting under color of federal law. The United States Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to Bivens. See Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed. 2d 171 (1991). However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reingold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999). To the extent Plaintiff names Defendant Masters as a defendant in his official capacity, Defendant Masters is not properly sued under Bivens. Plaintiff's Bivens action against Defendant Masters in his official capacity should therefore be dismissed.

## 2.      Failure to State a Claim:

The Eighth Amendment protects against the infliction of "cruel and unusual punishments." As a general matter, prohibited punishments include those which "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Thus, under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), rev'd on other grounds by Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). See also Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(Supreme Court noted that Eighth Amendment imposes certain duties upon prison officials

7

to "ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'"), quoting Hudson v. Palmer, 468 U.S. 517, 526 - 27, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)); Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)(Court held that only those conditions depriving inmates of "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation). The Eighth Amendment "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. at 349, 101 S.Ct. at 2400. "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347, 101 S.Ct. at 2399; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995), citing Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir. 1990).To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297-99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991). A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities.'" Id. at 298, 111 S.Ct. 2321 (citing Rhodes v. Chapman, 452 U.S. at 347, 101 S.Ct. 2392). "In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements – that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)(quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)(quotation omitted)). See

also White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1991)("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.") The touchstone is the health of the inmate. Plaintiff in this case must therefore allege in the first place and eventually establish a "sufficiently serious" deprivation of medical care and resulting "serious or significant physical or mental injury" in order to maintain and prevail upon his Eighth Amendment claim.

To establish the subjective component of deliberate indifference, an inmate must allege and prove each defendant's consciousness of the risk of harm to the inmate. See Farmer, supra, 511 U.S. at 840, 114 S.Ct. at 1980. In particular, an inmate must establish that the prison official "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, supra, 511 U.S. at 837, 114 S.Ct. at 1979. An inmate may satisfy the subjective component of standard by showing that prison officials' delay in providing medical treatment caused unnecessary pain or the worsening of his condition. Miltier v. Beorn, 896 F.2d 848, 853 (4th Cir. 1990)("Failure to respond to an inmate's known medical needs raises an inference that there was deliberate indifference to those needs.")(*recognized in* Sharpe v. South Carolina Dept. of Corr., 621 Fed.Appx. 732, 733 (4th Cir. 2015) *as overruled in part on other grounds by* Farmer, 511 U.S. at 837, 114 S.Ct. 1970); Cameron v. Sarraf, 128 F.Supp.2d 906, 911 - 912 (E.D.Va. 2000)("Yet, it is equally clear that mere negligence or delay is not sufficient to establish deliberate indifference.").

The allegations contained in Plaintiff's Complaint do not present a claim of constitutional magnitude. The undersigned finds that Plaintiff's general allegation that Defendant Masters failed

to provide him with a safe work assignment and adequate medical care is insufficient. Plaintiff generally alleges that his assigned work area contained black mold[3] and he was denied adequate medical treatment for his headaches, breathing problems, and fatigue. An assertion of mere negligent conduct or malpractice is not enough to constitute an Eighth Amendment violation. See Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986); Miltier, 896 F.2d at 852. Although inmates are clearly entitled to reasonable medical, an inmate must allege acts or omissions "sufficiently harmful to evidence deliberate indifference to serious medical needs" to establish a claim under the Eighth Amendment. Estelle, 429 U.S. at 105, 97 S.Ct. at 286. The undersigned first finds that under an objective standard, Plaintiff fails to allege a "sufficiently serious" deprivation resulting in a "serious or significant physical or mental injury." Plaintiff appears to complain that he is receiving inadequate medical care. Plaintiff, however, does not allege that he is at risk of death or permanent disability, or suffered continuous severe pain due to his alleged exposure to black mold or lack of medical care. Plaintiff only complains that he has had recurrent headaches, a dry cough, and fatigue since 2013. Second, Plaintiff fails to allege facts sufficient to satisfy the subjective component of deliberate indifference. To satisfy the subjective component, Plaintiff must allege each defendant's consciousness of the risk of harm to him. See Farmer, supra, 511 U.S. at 840, 114 S.Ct. at 1980. Plaintiff, however, fails to allege that Defendant

---

[3]   To the extent Plaintiff alleges that Defendant Masters violated his constitutional right by allowing his exposure to black mold, such an allegation is without merit. Plaintiff, Inmate Coffey, and Inmate Boyd acknowledge in their Affidavits that "after the mold was discovered, inmates were no longer allowed to work in that area." (Document Nos. 24, 24-1, and 24-2.) Plaintiff further states that the Warden had the shop tested for back mold and when it tested positive, the shop "remained closed and was removed from the . . . property." (Document No. 24.) Thus, there is no indication that Defendant Masters was aware of the black mold and deliberately exposed inmates to such a condition. Therefore, there is no indication that Defendant Masters acted with deliberate indifference in exposing Plaintiff to the black mold.

Masters knew of and disregarded an excessive risk to his health or safety. Further, there is no indication in Plaintiff's Complaint that Defendant Masters was aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, or that Defendant Masters drew that inference. Accordingly, the undersigned finds that Plaintiff's allegations cannot be construed to implicate a constitutional right for the violation of which relief can be granted under Bivens.

**3.      Supervisory Liability:**

Notwithstanding the foregoing, the undersigned finds that Plaintiff is improperly asserting a Bivens claim based upon supervisory liability. In his Complaint, Plaintiff appears to contend that Defendant Masters violated his constitutional rights by failing to ensure that he received proper medical treatment. (Document No. 2.) In his Motion, Defendant Masters contends he is "clearly named only because of his former supervisory position as Warden." (Document No. 26, pp. 10 – 12.) First, Defendant Masters argues that he "did not provide medical care to inmates and was not directly involved in the medical care of inmates." (Id., p. 15.) Next, Defendant Masters contends that "Plaintiff fails to show that Defendant Masters had direct involvement in any subordinate's unconstitutional actions." (Id.) Finally, Defendant Masters argues that he should be dismissed because Plaintiff names him as a defendant based upon his supervisory position as Warden. (Id.) Plaintiff failed to address the above issue in his Response in Opposition.

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Ashcroft v. Iqbal, 129 S.Ct. at 1948("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has

violated the Constitution."); Also see Monell v. Department of Social Services of the City of NY, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Liability, however, may attach to a supervisory official if "conduct directly causing the deprivation was done to effectuate an official policy or custom for which [the official] could be liable." Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982), *abrogated on other grounds by* County of Riverside v. McLaughlin, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991). Further, supervisory officials may be liable for acts of their subordinates where "supervisory indifference or tacit authorization of subordinates' misconduct may be a causative fact in the constitutional injuries they inflict on those committed to their care." Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984). Thus, the inquiry for the Court is whether the Defendants individually "acted wantonly, obdurately, or with deliberate indifference to the pervasive risk of harm." Moore v. Winebrenner, 927 F.2d 1312, 1315 (4th Cir. 1991).

Defendant Masters argues that Plaintiff has failed to demonstrate how he was personally involved in violating any of Plaintiff's constitutional rights. Essentially, Plaintiff appears to allege that Defendant Masters violated his constitutional rights with respect to his failure to supervise employees and in responding to his administrative remedy. The evidence of record reveals that Defendant Masters responded to an Administrative Remedy Request submitted by Plaintiff concerning his claim of inadequate medical treatment. (Document No. 25-1, p. 25.) The dismissal of a non-medical defendant, however, is appropriate where the defendant's sole involvement is the denial of an administrative remedy request. See Fellove v. Heady, 2008 WL 196420 *4 (N.D.W.Va. Jan. 22, 2008)(stating that "to the extent that the plaintiff may be asserting that these defendants were deliberately indifferent to his needs by denying his administrative grievances, that

claim is also without merit as this is not the type of personal involvement required to state *Bivens* claim"); Mabry v. Ramirez, 2007 WL 4190398 *6 (N.D.W.Va. Nov. 21, 2007)(holding that "denying a prisoner's institutional grievance is not the type of personal involvement required to state a *Bivens* claim for deliberate indifference to serious medical needs"); Paige v. Kupec, 2003 WL 23274357 *1 (D.Md. March 31, 2003), aff'd, 70 Fed. Appx. 147 (4th Cir. 2003)(finding that the warden should be dismissed where the only claim against the warden concerned his dismissal of plaintiff's administrative remedy). In order to succeed on a medical claim against non-medical personnel, plaintiff must establish that non-medical personnel were personally involved in a denial of treatment, deliberately interfered with treatment, or tacitly authorized or were indifferent to a prison physician's conduct. Lewis v. Angelone, 926 F. Supp. 69, 73 (W.D.Va. 1996). Furthermore, non-medical prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. Miltier, 896 F.2d at 854 - 55. The undersigned finds there is no evidence that Defendant Masters was personally involved in a denial of treatment to Plaintiff, deliberately interfered with Plaintiff's treatment, or tacitly authorized the medical staffs' alleged misconduct. Accordingly, the Court therefore finds that Defendant Masters' "Motion to Dismiss, or in the Alternative Motion for Summary Judgment" should be granted. The undersigned finds it unnecessary to consider the other reasons which Defendant Masters has submitted for dismissal.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Defendant Masters' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 25), **DISMISS** Plaintiff's Complaint (Document No. 2), and remove this matter from the

Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: November 7, 2016.

Omar J. Aboulhosn
United States Magistrate Judge