```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

**CHARLIE HARGROVE, JR.,**

    **Plaintiff,**

v.                                    Civil Action No: 1:15-06930

**BART MASTERS,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

By Standing Order, this matter was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge submitted his proposed findings and recommendations ("PF&R") on November 17, 2016. (Doc. No. 41). In his PF&R, Magistrate Judge Aboulhosn recommended that the court grant defendant's motion to dismiss or in the alternative, motion for summary judgment, dismiss plaintiff's complaint, and remove the matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to the PF&R. After having received an extension of time to file objections, see Doc. No. 45, plaintiff timely filed objections to the PF&R on December 19,

2016. (Doc. No. 46). With respect to those objections, the court has conducted a de novo review. However, because plaintiff's objections are without merit, the court grants defendant's motion to dismiss and/or for summary judgment and dismisses plaintiff's complaint.

Plaintiff is a federal inmate formerly incarcerated at the Federal Correctional Institution located at McDowell, West Virginia ("FCI McDowell"). On May 29, 2015, plaintiff, acting pro se, filed a complaint alleging violations of his constitutional and civil rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). In his complaint, plaintiff alleges that he was "exposed to black mold inside the inmate work place" and that, because of this exposure, he has "been having health issues, such as breathing problems, headaches, a dry cough that goes and comes at times, staying tired and sleeping a lot, and waking up confused." Docs. No. 1 and 2 at pp.4-5.

In his disposition of plaintiff's complaint, Magistrate Judge Aboulhosn made the following specific recommendations: 1) that the court dismiss defendant Masters because he cannot be sued in his official capacity; 2) that plaintiff's claim against Masters sounding in supervisory liability be dismissed; and 3) that plaintiff's Bivens claim against Masters be dismissed for failure to state a claim.

Plaintiff's objections are largely unresponsive to the magistrate judge's recommendations. Indeed, his objections are entitled a "Motion for Corrective Filing with Motion for Change of Venue Because Victim was Transfer [sic] Thus Without Notifying the U.S. Attorney FRAP 23(a). . . . I Also Ask the Court to Issue a[n] Order Withdrawing Its Proposed Findings and Recommendation. . . . Motion for the Relief in the Caption and Tort Claim Filed. . . Objecting to Recommendation." Doc. No. 46.

As the title indicates, Hargrove, no longer incarcerated at FCI McDowell, believes that he was transferred in violation of Federal Rule of Appellate Procedure 23(a). Hargrove's argument is without merit because Fed. R. App. P. 23(a) has no application herein given that the instant action is neither a habeas corpus proceeding nor on appeal. See Hairston v. Nash, No. 05-4809, 165 F. App'x 233, 235 (3d Cir. Feb. 7, 2006) ("We agree with the District Court that Hairston's reliance on Federal Rule of Appellate Procedure 23(a) is misplaced, because Hairston's § 2255 motion was not on appeal at the time he was transferred."); Thornton v. Butler, No. CIV S-03-0755 MCE DAD P, 2008 WL 5329958, *1 (E.D. Cal. Dec. 19, 2008) ("Respondent is correct that Fed. R. App. P. 23(a), by its terms, does not appear to prevent petitioner's transfer. The matter is not `pending review of a decision in a habeas corpus proceeding.' On the contrary, no decision has yet been rendered on petitioner's habeas

petition."). Furthermore, as plaintiff himself acknowledges, his claim has proceeded under Bivens and, therefore, on its face, Rule 23(a) does not apply. For these reasons, there has been no transfer of custody in violation of any rule and Hargrove's objection to that point is **OVERRULED**.

Perhaps because of this impediment, plaintiff now argues that the magistrate judge was incorrect to construe his claim as arising under Bivens rather than treating it as a habeas corpus petition under 28 U.S.C. § 2241. This argument fails as well. First, plaintiff has known since at least January 29, 2016 that this action was proceeding under Bivens, see Doc. No. 13, and he failed to object to that characterization. Second, and more importantly, the magistrate judge properly construed this action as a Bivens action because "challenges to the conditions of [ ] confinement are not cognizable under § 2241, but instead must be pursued through a Bivens action. . . ." Hawkins v. Perdue, Civil Action No. 1:13CV214, 2014 WL 1962216, *2 (N.D.W. Va. May 15, 2014) ("Nevertheless, district courts within this circuit have staked out their place on the spectrum by demonstrating a consistent reluctance to permit prisoners challenging the conditions of their confinement to proceed under § 2241."); see also Crooker v. Stewart, Civil Action No. ELH-14-1972, 2015 WL 1210209, *3 (D. Md. Mar. 13, 2015) (holding that a prisoner may not challenge conditions of confinement under § 2241 and

4

providing numerous examples within the Fourth Circuit holding the same). The rule in the Sixth Circuit is largely the same and Hargrove would likely fare no better there. See <u>Sullivan v. United States</u>, No. 03-5819, 90 F. App'x 862, 863 (6th Cir. Jan. 30, 2004) ("§ 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits.").

Accordingly, the court **OVERRULES** plaintiff's objections to Magistrate Judge Aboulhosn's PF&R. To the extent that Hargrove's objections have been docketed as a motion to change venue or seeking other relief, <u>see</u> Doc. No. 46, those motions are **DENIED**. The court adopts the factual and legal analysis contained within the PF&R, **GRANTS** defendant's motion to dismiss, or in the alternative, motion for summary judgment, **DISMISSES** plaintiff's complaint, and **DIRECTS** the Clerk to remove this matter from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to plaintiff, pro se.

**IT IS SO ORDERED** on this 23rd day of February, 2017.

ENTER:

David A. Faber
Senior United States District Judge

5